**IT IS ORDERED as set forth below:**



Date: April 12, 2023

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **20-67143-PMB** |
| | : | |
| **DAN BOGDAN,** | : | CHAPTER 7 |
| n/k/a Dan Bar Enasha, | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |

### ORDER DENYING MOTION FOR RECUSAL

Dan Bogdan,[1] the Chapter 7 debtor in this case (the "Debtor") filed, *pro se*,[2] a document titled *Motion for the Recusal of Judge Paul Baisier From Any Further Rulings, Regarding This Bankruptcy Case* on April 7, 2023 (Docket No. 161)(the "Motion for Recusal"). In the Motion for Recusal, the Debtor requests that Judge Paul Baisier be recused from this bankruptcy case and precluded from issuing any further rulings herein pending an appeal filed by the Debtor in this case. The stated basis for the Motion for Recusal is that the Debtor is dissatisfied with rulings of

---

[1] The case name in the Motion for Recusal is styled Dan Bar Enasha, evidently reflecting a recently asserted name change (*see* Docket No. 154). The Debtor's name at the filing of this case was Dan Bogdan.

[2] The Debtor filed the Motion for Recusal on his own even though he is represented by counsel in this matter.

this Court that purportedly require him to move into a house unsuitable for his habitation based on the Debtor's age and health, due to mold and asbestos contamination.[3] The Debtor alleges bias has been further demonstrated because of the Court's failure to allow him to present facts in evidence and the Court's alleged acceptance of the allegations of the Chapter 7 Trustee without challenge. The Debtor also contends that the Court has shown him insufficient regard by requiring the Debtor to surrender his keys to allow persons to enter his current residence as described below for purposes of evaluating same for purchase, even though such persons will not have been tested for the COVID-19 Virus. Because the Debtor's complaints are about rulings that have occurred in this case, no hearing is necessary to decide this matter.

### Factual Background[4]

The Debtor filed a voluntary petition (Docket No. 1) under Chapter 13 of the U.S. Bankruptcy Code on June 12, 2020, initiating this bankruptcy case (the "Case"). The Case was converted to a proceeding under Chapter 7 on April 4, 2022 (Docket No. 58), at which time Neil C. Gordon was appointed as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1)(Docket No. 59). The Section 341 Meeting was held telephonically and concluded on June 15, 2022, after which Mr. Gordon became the permanent Chapter 7 Trustee (the "Trustee") pursuant to 11 U.S.C. § 702(d).

At the commencement of the Case, a bankruptcy estate was created under 11 U.S.C. § 541(a)(the "Bankruptcy Estate") and includes all the Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy

---

[3] The Debtor misstates the content of the Court's rulings in this regard. The Court has not required the Debtor to move into any particular place. The Court has only required that the Debtor and his property be removed from the Property as defined below by the stated deadline.

[4] These facts are derived from the docket in this case and matters filed therein.

Estate acquires after commencement of the Case. 11 U.S.C. § 541(a)(1) & (7). The Trustee is under a duty to collect and reduce to money the property of the Bankruptcy Estate. 11 U.S.C. § 704(a)(1). The Debtor is required to cooperate with the Trustee as necessary to enable performance of these duties by the Trustee. *See* 11 U.S.C. § 521(a)(3); Federal Rule of Bankruptcy Procedure 4002(a)(1). In his *Schedule A/B: Property* (Docket No. 1, p. 15 of 64), the Debtor scheduled his ownership interest in certain real property known generally as 3172 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30329 (the "Property").[5]

On October 25, 2022, the Court entered an *Order Approving Employment of Broker, Subject to Objection (Commission Fee at Closing)* (Docket No. 96), approving the employment of ERA Ivy League Realty and Cassondra Green (the "Broker") as the real estate agent for this Bankruptcy Estate. Since the approval of the Broker's employment, the Debtor has failed and refused to allow the Broker to list the Property for sale by refusing to (i) allow access to the Property so it can adequately photographed, or (ii) furnish a proper key to the Property for the lockbox on the door.

On November 29, 2022, the Court held a hearing on the *Trustee's Emergency Motion for an Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* (Docket No. 102). On December 2, 2022, the Court entered an *Order On Trustee's Emergency Motion For An Order (A) Compelling Debtor To (I) Perform His Statutory Duties And (II) Turn Over Property Of The Bankruptcy Estate And (B) Prohibiting Debtor From*

---

[5] The Debtor jointly owns the Property with Maria Bogdan, his estranged spouse. On August 22, 2022, a *Consent Judgment* was entered in Adversary Proceeding No. 22-5095 (Docket No. 5) whereby Maria Bogdan consented to the Trustee's sale of the Property by motion pursuant to 11 U.S.C. §§ 363(b) and (f).

3

*Removing Fixtures Or Property Of The Bankruptcy Estate* (Docket No. 116)(the "Compel Order"). Pursuant to the Compel Order, the Debtor was directed to do the following:

(a) Immediately and fully cooperate with Trustee in all respects;

(b) Promptly allow Broker to place a "For Sale" sign in the front yard;

(c) Promptly provide Broker with a key to be placed in a lockbox on the door; and

(d) Maintain the utilities and maintain the Property in a clean and proper condition for showings.

On March 4, 2023, the Trustee filed a *Notice of Default, Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property* (Docket No. 137), asserting that the Debtor had failed to comply with the obligations set forth in the Compel Order and had refused to cooperate with the Trustee or his Broker. Following a Show-Cause Hearing,[6] on March 23, 2023, the Court entered an *Order On Trustee's Notice Of Default, Request For Show-Cause Hearing, And Renewed Motion For Turnover Of The Property* (Docket No. 148)(the "Contempt Order"), finding the Debtor in contempt and directing the Debtor to vacate the Property on or before April 16, 2023 so that the Trustee may perform his statutory duties with respect to the liquidation of the Property for the benefit of the Bankruptcy Estate and its creditors. The Contempt Order also set forth various remedies to enforce compliance.

## Legal Standard

As an initial matter, recusal requests "are typically decided by the presiding judge." *Guthrie v. Wells Fargo Home Mortg., N.A.,* 2015 WL 1401660, at *3 (N.D. Ga. Mar. 26, 2015); *see also In re United States,* 158 F.3d 26, 34 (1st Cir. 1998); *Schurz Commc'ns, Inc. v. FCC*, 982

---

[6] Present at the Show Cause Hearing held on March 20, 2023, were the Trustee, Robert D. Schwartz as counsel for Maria Bogdan, Maria Bogdan, Taylor Mansell, as counsel for Chapter 13 Trustee, Brian Shockley, as counsel for Debtor, and the Debtor.

4

F.2d 1057, 1059 (7th Cir. 1992). Recusal of a judge from hearing any further matter in this case is governed by 28 U.S.C. § 455(a) which states: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The appropriate test under Eleventh Circuit law is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds upon which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013), *cert. denied*, 571 U.S. 1185, 134 S. Ct. 1041, 188 L.Ed.2d 139 (2014); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988), *cert. denied*, 490 U.S. 1066, 109 S. Ct. 2066, 104 L.Ed.2d 631 (1989).

Further, bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *U.S. v. Hatten*, 611 F. App'x 677, 678 (11th Cir. Aug. 7, 2015)(quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)). Specifically, a party cannot rely on prior rulings adverse to them to show pervasive bias. *See Id.* "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," nor do "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L.Ed.2d 474 (1994).

The Court will "not consider the perceptions of idiosyncratic, hypersensitive, and cynical observers." *In re Horne*, 630 F. App'x 908, 910 (11th Cir. Oct. 28, 2015)(citing *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). Further, "the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990)(quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied,* 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 805 (1989)). Further, a judge

is not "recusable for bias or prejudice [when] his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." *Tucker v. Mukamal*, 616 F. App'x 969, 972 (11th Cir. Sept. 4, 2015)(alteration in original)(quoting *Liteky v. United States, supra,* 510 U.S. at 551).[7]

Section 455 "does not invite recusal whenever it is requested by a party." *Guthrie, supra,* 2015 WL 1401660, at *3. In fact, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Id.* (quoting *In re Moody*, 755 F.3d 891, 895 (11th Cir.2014), *cert. denied sub nom., Moody v. Thomas,* 574 U.S. 977, 135 S.Ct. 437, 190 L.Ed.2d 333 (2014)). "[C]ourts must exercise great care in considering motions for recusal so as to discourage their use for purposes of judge shopping and delay[.]" *Barna v. Haas (In re Haas)*, 292 B.R. 167, 175 (Bankr. S.D. Ohio 2003).

With the foregoing facts regarding this case and the appropriate legal standards in mind, the Motion for Recusal is addressed below.

### Application of Legal Standard to Motion for Recusal

An overarching issue that applies to the Motion for Recusal is that the conduct that has generated the requested relief consists of rulings in the Debtor's case. Rarely will conduct within the case ever result in a valid basis for recusal. The fact that the Debtor cites no "extrajudicial conduct" as a basis for his request, but only rulings in his case, is an adequate basis, absent highly unusual circumstances not pled here, for recusal to be denied.

---

[7] Importantly, "it is the facts, not the movant's allegations, that control the propriety of recusal." *Guthrie*, *supra*, 2015 WL 1401660, at *3. "Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999)(quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)). Furthermore, allegations made under 28 U.S.C. § 455 need not be taken as true. *Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987).

6

Further, it is clear to the Court that, based on the facts of this case and the related rulings of this Court, an "objective, disinterested, lay observer fully informed of the facts underlying the grounds upon which recusal was sought" would not "entertain a significant doubt about the judge's impartiality." The rulings in the Debtor's case instead only evidence an intent by the Debtor to prevent a sale of the Property and an unwillingness on the part of the Court to provide the Debtor with relief to which he is not entitled. That simply does not meet the standard required for disqualification. In addition, the Court has afforded the Debtor ample opportunity to present his case individually and/or through his counsel.

Because the Motion for Recusal is based on the rulings of this Court in the Debtor's case, and because an objective observer would not entertain significant doubt about this Court's impartiality, the Motion for Recusal does not state a valid basis for recusal under applicable standards. In view of the foregoing, it is

**ORDERED** that the Motion for Recusal is hereby **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Chapter 7 Trustee, the United States Trustee, and the mailing matrix in this case.

**[END OF DOCUMENT]**