**IT IS ORDERED as set forth below:**



Date: April 13, 2023

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **20-67143-PMB** |
| | : | |
| **DAN BOGDAN,** | : | CHAPTER 7 |
| n/k/a Dan Bar Enasha, | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Dan Bogdan,[1] the Chapter 7 debtor in this case (the "Debtor") filed *pro se*[2] a document titled *Motion for Reconsideration of Order (Doc #148) Regarding the Move-Out by April 16, 2023 … (Rule 8008)* on April 7, 2023 (Docket No. 159)(the "Motion for Reconsideration"). In the Motion for Reconsideration, the Debtor requests reconsideration of that portion of the Court's *Order On Trustee's Notice Of Default, Request For Show-Cause Hearing, And Renewed Motion For Turnover Of The Property* (Docket No. 148), entered on March 23, 2023 (the "Prior Order")

---

[1] The case name in the Motion for Reconsideration is styled Dan Bar Enasha, evidently reflecting a recently asserted name change (*see* Docket No. 154). The Debtor's name at the filing of this case was Dan Bogdan.

[2] The Debtor filed the Motion for Reconsideration on his own even though he is represented by counsel in this matter.

that requires the Debtor to vacate the property located at 3172 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30329 (the "Property") and take all of his personal property with him no later than April 16, 2023.  The stated basis for the Motion for Reconsideration is that the Prior Order purportedly requires him to move into a house unsuitable for his habitation due to mold and asbestos contamination.[3]

## Factual Background[4]

The Debtor filed a voluntary petition (Docket No. 1) under Chapter 13 of title 11, United States Code (the "Bankruptcy Code") on June 12, 2020, initiating this bankruptcy case (the "Case").  The Debtor failed to make all the payments required under his confirmed Chapter 13 plan.  As a result of that failure, and because, among other things, there was equity in the Property that could be realized for the benefit of creditors, the Case was converted to a proceeding under Chapter 7 on April 4, 2022 (Docket No. 58), at which time Neil C. Gordon was appointed as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1)(Docket No. 59).  The Section 341 Meeting was held telephonically and concluded on June 15, 2022, after which Mr. Gordon became the permanent Chapter 7 Trustee (the "Trustee") pursuant to 11 U.S.C. § 702(d).

At the commencement of the Case, a bankruptcy estate was created under 11 U.S.C. § 541(a)(the "Bankruptcy Estate") and includes all the Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Case.  11 U.S.C. § 541(a)(1) & (7).  The Trustee is under a duty to collect and reduce to money the property of the Bankruptcy Estate.  11 U.S.C.

---

[3] The Debtor misstates the content of the Prior Order in this regard.  The Court has not required the Debtor to move into any particular property.  The Court has only required that the Debtor and his personal property be removed from the Property by the stated deadline.  The determination as to the Debtor's destination is entirely in the discretion of the Debtor.

[4] These facts are derived from the docket in this case and matters filed herein.

2

§ 704(a)(1). The Debtor is required to cooperate with the Trustee as necessary to enable performance of these duties by the Trustee. *See* 11 U.S.C. § 521(a)(3); Federal Rule of Bankruptcy Procedure 4002(a). In his *Schedule A/B: Property* (Docket No. 1, p. 15 of 64), the Debtor scheduled his ownership interest in the Property.[5] The Debtor's interest in the Property is thus an asset of the Bankruptcy Estate.

On October 25, 2022, the Court entered an *Order Approving Employment of Broker, Subject to Objection (Commission Fee at Closing)* (Docket No. 96), approving the employment of ERA Ivy League Realty and Cassondra Green (the "Broker") as the real estate agent for this Bankruptcy Estate. Since the approval of the Broker's employment, the Debtor has failed and refused to allow the Broker to list the Property for sale by, among other things, refusing to (i) allow access to the Property so it can be adequately photographed, (ii) clean up the Property so that it might be shown, and (iii) furnish a proper key to the Property for the lockbox on the door.

On November 29, 2022, the Court held a hearing on the *Trustee's Emergency Motion for an Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* (Docket No. 102). On December 2, 2022, the Court entered an *Order On Trustee's Emergency Motion For An Order (A) Compelling Debtor To (I) Perform His Statutory Duties And (II) Turn Over Property Of The Bankruptcy Estate And (B) Prohibiting Debtor From Removing Fixtures Or Property Of The Bankruptcy Estate* (Docket No. 116)(the "Compel Order"). Pursuant to the Compel Order, the Debtor was directed to do the following:

---

[5] The Debtor jointly owns the Property with Maria Bogdan, his estranged spouse. On August 22, 2022, a *Consent Judgment* was entered in Adversary Proceeding No. 22-5095 (Docket No. 5) whereby Maria Bogdan consented to the Trustee's sale of the Property by motion pursuant to 11 U.S.C. §§ 363(b), (f) and (h).

(a) Immediately and fully cooperate with Trustee in all respects;

(b) Promptly allow Broker to place a "For Sale" sign in the front yard;

(c) Promptly provide Broker with a key to be placed in a lockbox on the door;

(d) Maintain the utilities and maintain the Property in a clean and proper condition for showings; and

(e) Clean up the Property by December 31, 2022, and provide to the Trustee weekly photos showing his progress regarding same.

On March 4, 2023, the Trustee filed a *Notice of Default, Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property* (Docket No. 137), asserting that the Debtor had failed to comply with the obligations set forth in the Compel Order and had refused to cooperate with the Trustee or his Broker. Following a Show-Cause Hearing,[6] on March 23, 2023, the Court entered the Prior Order, finding the Debtor in contempt and directing the Debtor to vacate the Property on or before April 16, 2023, so that the Trustee may perform his statutory duties with respect to the liquidation of the Property for the benefit of the Bankruptcy Estate and its creditors. The Prior Order also set forth various remedies to enforce compliance.

## Legal Standard

In the Motion for Reconsideration, the Debtor cites Federal Rule of Bankruptcy Procedure ("Rule") 8008. Subsection (a) of that Rule provides as follows:

> If a party files a timely motion in the bankruptcy court for appeal that the court lacks the authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
>
> (1) defer consideration of the motion;
> (2) deny the motion; or

---

[6] Present at the Show Cause Hearing held on March 20, 2023, were the Trustee, Robert D. Schwartz as counsel for Maria Bogdan, Maria Bogdan, Taylor Mansell, as counsel for Chapter 13 Trustee, Brian Shockley, as counsel for Debtor, and the Debtor.

4

> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Fed. R. Bankr. P. 8008(a).

The Debtor has filed an appeal of the Prior Order, thereby potentially engaging Rule 8008. *See Notice of Appeal and Statement of Election*, filed on April 7, 2023 (Docket No. 158)(the "Notice of Appeal"). Whether this Motion for Reconsideration is timely filed depends on what basis it proceeds, and what relief it seeks, none of which is set forth in the Motion for Reconsideration. The Motion for Reconsideration could be a motion for a "new trial" or to "alter an amend a judgment" under Federal Rule of Civil Procedure ("FRCP") 59, incorporated herein pursuant to Rule 9023, or it could be a motion seeking relief from the Prior Order under FRCP 60, incorporated herein pursuant to Rule 9024.

As a general matter, motions to alter or amend judgments pursuant to FRCP 59 are "disfavored and granted sparingly; relief is only given where there is newly discovered evidence or to correct manifest errors of law or fact upon which the judgment was based." *Howard v. Nano*, 2012 WL 3668045, at *1 (N.D. Fla. Aug. 25, 2012)(citing *Krstic v. Princess Cruise Lines, Ltd.*, 706 F.Supp.2d 1271, 1282 (S.D. Fla. 2010); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Newly discovered facts or evidence must be something that existed prior to the judgment but not discoverable after reasonable due diligence. *In re Alexander SRP Apartments, LLC*, 2012 WL 1910095, at *2 (Bankr. S.D. Ga. 2012). Only "clear and obvious error[s] which the interests of justice demand that [the court] correct" are the proper subject of a motion filed pursuant to FRCP 59. *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Further, FRCP 59 does not provide a mechanism for a party to make an argument or present evidence that could have been

made or presented prior to the court entering judgment. *See Discrete Wireless, Inc. v. Coleman Techs., Inc.*, 422 F. App'x 777, 779 (11th Cir. April 5, 2011).

A motion made under FRCP 60 generally has the same standard as a motion made under FRCP 59. *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992). The one main exception to that principle is for a motion made under FRCP 60(b)(6), which provides that a court can reconsider a judgment for any "reason that justifies relief." That relief requires a showing of exceptional circumstances. *In re Mathis*, 465 B.R. 325, 331 (Bankr. N.D. Ga. 2012)(Diehl, J.) (citing SEC v. Simmons, 241 F. App'x 660, 662-63 (11th Cir. July 24, 2007). However, as stated above regarding a motion under FRCP 59, those exceptional circumstances must also be based on an argument that could not have been made prior to the entry of the judgment. *See Id.* (holding that "attorney or party negligence in timely filing an answer does not constitute an exceptional showing")(citing *Simmons*, *supra*, 241 F. App'x at 662-63 (citing *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.32d 1130, 1133 (11th Cir. 1993))).

## Analysis

If the Motion for Reconsideration is made under FRCP 59 and Rule 9023, it is untimely and should be denied on that basis alone. Rule 9023 requires that motions seeking relief under FRCP 59 be filed within fourteen (14) days of the entry of the offending order. The Motion for Reconsideration was filed on April 7, 2023, fifteen (15) days after the entry of the Prior Order on March 23, 2023.

Further, whether the Motion for Reconsideration is considered under FRCP 59 or 60, it is without merit. The purported basis for the Motion for Reconsideration is the unsubstantiated statement by the Debtor in the Motion for Reconsideration that the unidentified place that the

Debtor claims to have chosen as the place to which he intends to relocate (the "Target Residence")[7] has not only mold, but asbestos, and that he did now know about the asbestos at the Show Cause Hearing. This allegedly new information, according to the Debtor, justifies a reconsideration of his deadline to vacate the Property, coincidentally to the date he requested at the Show Cause Hearing. That justification fails as outlined below.

As noted *supra*, for new information to justify reconsideration, it must be a fact that existed prior to the judgment *but that was not discoverable after reasonable due diligence*. Information about alleged asbestos does not meet that standard in this case for two (2) reasons. First, it was eminently discoverable by the Debtor prior to the Show Cause Hearing. The Debtor testified in connection with the Prior Order that he is a remodeling contractor, and that he had chosen the Target Residence because he was to do some remodeling at that location in lieu of rent. He also testified that his lease for the Target Residence was originally to have started March 1, 2023. At the Show Cause Hearing, the Debtor requested that he be permitted until April 30, 2023 to move out of the Property because mold he already knew about in the Target Residence needed to be addressed. In light of the Debtor's purported professional experience, the length of time in which he has apparently been familiar with the Target Residence, and the fact that he was sufficiently familiar with the Target Residence to know it had a mold issue, any alleged asbestos in the premises is not something that he could not have discovered with reasonable diligence.

Second, and more importantly, the condition of the Target Residence is entirely irrelevant to the Prior Order and its requirement that the Debtor vacate it. The Prior Order requires the Debtor, who has disregarded more than one Court Order that required him to cooperate with the

---

[7] At the Show Cause Hearing, the Debtor did not provide the address or location of his intended new residence, but only stated that he has signed a lease apparently with a friend for a house that needs some repairs and remediation work for mold should he move into those premises.

7

Trustee in the Trustee's efforts to market and sell the Property, to vacate the Property by April 16, 2023. It says nothing about the location to which the Debtor is to relocate. If the Debtor has determined that he cannot safely relocate to the Target Residence until April 30, 2023, he must relocate somewhere else in the interim. The location the Debtor chooses is entirely up to him, except that it cannot be in the Property. He is to vacate the Property, taking all his personal property and leaving the Property in a broom swept condition, so that it can be marketed and sold by the Trustee. The Debtor has forfeited any ability he might have had to live in the Property and pay rent while it was marketed by the Trustee through his uncooperative conduct to date.

In view of the foregoing, it is

**ORDERED** that the Motion for Reconsideration is hereby **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Maria Bogdan, counsel for Maria Bogdan, the Chapter 7 Trustee, the United States Trustee, and the mailing matrix in this case.

**[END OF DOCUMENT]**