**IT IS ORDERED as set forth below:**



Date: April 14, 2023

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **20-67143-PMB** |
| | : | |
| **DAN BOGDAN,** | : | CHAPTER 7 |
| n/k/a Dan Bar Enasha, | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |

### ORDER DENYING MOTION FOR STAY
### PENDING APPEAL AS TO CONTEMPT ORDER

Dan Bogdan,[1] the Chapter 7 debtor in this case (the "Debtor") filed *pro se*[2] a document titled *Motion to Stay Judge's Order(s) as Related to the Ruling(s) Ordered in (Doc #148), (Doc # 149), & (Doc # 153)* on April 7, 2023 (Docket No. 160)(the "Motion to Stay"). In the Motion to Stay, the Debtor requests that certain rulings of this Court be stayed pending appeal. This Order only addresses the Motion to Stay with respect to the *Order on Trustee's Notice Of Default,*

---

[1] The case name in the Motion to Stay is styled Dan Bar Enasha, evidently reflecting a recently asserted name change (*see* Docket No. 154). The Debtor's name at the filing of this case was Dan Bogdan.

[2] The Debtor filed the Motion to Stay on his own even though he is represented by counsel in this matter.

*Request For Show-Cause Hearing, And Renewed Motion For Turnover Of The Property* entered on March 23, 2023 (Docket No. 148)(the "Contempt Order").[3] The stated basis for the Motion to Stay is that if the Contempt Order is enforced, the Debtor will face irreparable health damage because he will be required to vacate his current residence and move into premises unsuitable for habitation due to mold and asbestos contamination.

## Factual Background[4]

The Debtor filed a voluntary petition (Docket No. 1) under Chapter 13 of title 11, United States Code (the "Bankruptcy Code") on June 12, 2020, initiating this bankruptcy case (the "Case"). The Debtor failed to make all the payments required under his confirmed Chapter 13 plan. As a result of that failure, and because, among other things, there was equity in the Property that could be realized for the benefit of creditors, the Case was converted to a proceeding under Chapter 7 on April 4, 2022 (Docket No. 58), at which time Neil C. Gordon was appointed as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1)(Docket No. 59). The Section 341 Meeting was held telephonically and concluded on June 15, 2022, after which Mr. Gordon became the permanent Chapter 7 Trustee (the "Trustee") pursuant to 11 U.S.C. § 702(d).

At the commencement of the Case, a bankruptcy estate was created under Section 541(a)(the "Bankruptcy Estate") and includes all the Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Case. 11 U.S.C. § 541(a)(1) & (7). The Trustee is under a duty to collect and reduce to money the property of the Bankruptcy Estate. 11 U.S.C.

---

[3] The other Orders referenced in the Motion to Stay, at Docket Nos. 149 and 153, respectively, are addressed by separate written Order.

[4] These facts are derived from the docket in this case and matters filed herein.

§ 704(a)(1). The Debtor is required to cooperate with the Trustee as necessary to enable performance of these duties by the Trustee. *See* 11 U.S.C. § 521(a)(3); Federal Rule of Bankruptcy Procedure 4002(a).

Upon filing the Case, the Debtor scheduled an ownership interest in certain real property known generally as 3172 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30329 (the "Property"). See *Schedule A/B: Property* (Docket No. 1, p. 15 of 64).[5] The Debtor's interest in the Property is thus an asset of the Bankruptcy Estate. On October 25, 2022, the Court entered an *Order Approving Employment of Broker, Subject to Objection (Commission Fee at Closing)* (Docket No. 96), approving the employment of ERA Ivy League Realty and Cassondra Green (the "Broker") as the real estate agent to sell the Property for this Bankruptcy Estate. Since the approval of the Broker's employment, the Debtor has failed and refused to allow the Broker to list the Property for sale by, among other things, refusing to (i) allow access to the Property so it can be adequately photographed, (ii) clean up the Property so that it might be shown, and (iii) furnish a proper key to the Property for the lockbox on the door.

On November 29, 2022, the Court held a hearing on the *Trustee's Emergency Motion for an Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* (Docket No. 102). On December 2, 2022, the Court entered an *Order On Trustee's Emergency Motion For An Order (A) Compelling Debtor To (I) Perform His Statutory Duties And (II) Turn Over Property Of The Bankruptcy Estate And (B) Prohibiting Debtor From Removing Fixtures Or Property Of The Bankruptcy Estate* **(**Docket No. 116)(the "Compel Order").

---

[5] The Debtor jointly owns the Property with Maria Bogdan, his estranged spouse. On August 22, 2022, a *Consent Judgment* was entered in Adversary Proceeding No. 22-5095 (Docket No. 5) whereby Maria Bogdan consented to the Trustee's sale of the Property by motion pursuant to 11 U.S.C. §§ 363(b), (f) and (h).

3

Pursuant to the Compel Order, the Debtor was directed to perform certain specified duties regarding/ facilitating the marketing and sale of the Property.

On March 4, 2023, the Trustee filed a *Notice of Default, Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property* (Docket No. 137)(the "Trustee's Request"), asserting that the Debtor had failed to comply with the obligations set forth in the Compel Order and had refused to cooperate with the Trustee or his Broker. Following a Show-Cause Hearing on the Trustee's Request,[6] on March 23, 2023 the Court entered the Contempt Order finding the Debtor in contempt and directing the Debtor to vacate the Property on or before April 16, 2023. The Court ordered this relief so that the Trustee could perform his statutory duties with respect to the liquidation of the Property for the benefit of the Bankruptcy Estate and its creditors. The Contempt Order also set forth various remedies to enforce compliance.

On April 7, 2023, the Debtor filed a *Notice of Appeal and Statement of Election* with respect to the Contempt Order (Docket No. 158)(the "Notice of Appeal"). The Debtor also filed a *Motion for Reconsideration of Order (Doc. # 148) Regarding the Move-Out by April 16, 2003 … (Rule 8008)* on April 7, 2023 (Docket No. 159)(the "Motion for Reconsideration").[7]

## Legal Standard

Under Federal Rule of Bankruptcy Procedure 8007(a), a party seeking a stay of a judgment or order issued by a bankruptcy court pending appeal must first present such request to the bankruptcy court. The determination of whether or not to grant such a stay "lies within the sound discretion of the court." *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D.N.Y.

---

[6] Present at the Show Cause Hearing held on March 20, 2023, were the Trustee, Robert D. Schwartz as counsel for Maria Bogdan, Maria Bogdan, Taylor Mansell, as counsel for Chapter 13 Trustee, Brian Shockley, as counsel for Debtor, and the Debtor.

[7] The Motion for Reconsideration was denied in this Court's *Order Denying Motion for Reconsideration*, entered on April 13, 2023 (Docket No. 177).

4

2016)(citations omitted).  In deciding whether a discretionary stay should be granted, courts analyze the following factors: "(1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay." *In re Webb*, 2017 WL 5125538 (Bankr. N.D.Ga. Nov. 3, 2017), citing *In re Arnal*, 2003 Bankr. LEXIS 2258, 2003 WL 22709326, at *1 (Bankr. S.D.Ga. July 30, 2003)(citing *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

The likelihood of success on appeal typically carries the most weight in deciding whether a stay should be granted pending appeal.  *Id.; but see Sabine Oil, supra*, 551 B.R. at 143 (showing of "probable irreparable harm" must be demonstrated first and such harm must be "actual and imminent").  The party seeking relief must show a probable likelihood of success on the merits of the appeal. *Webb, supra*.  A lesser showing, however, may be sufficient as when a "'balancing of the equities' (factors two through four) weighs heavily in favor of granting the stay," and in that situation, "the movant need only show a substantial case on the merits." *Id*.

### Analysis

The Court does not believe that the Debtor has even a substantial case on the merits.  The purported basis for the Motion to Stay is the unsubstantiated statement by the Debtor that the unidentified place that the Debtor claims to have chosen as the place to which he intends to relocate (the "Target Residence")[8] has "recently been diagnosed with mold and asbestos."  Based on the Debtor's history in this Case, he has known for some time that he needed to clean up and vacate

---

[8] At the Show Cause Hearing, the Debtor did not provide the address or location of his intended new residence, but only stated that he has signed a lease apparently with a friend for a house that needs some repairs and remediation work for mold should he move into those premises.

5

the Property so that it could be marketed and sold by the Trustee,[9] which the Trustee is legally entitled to do for the benefit of the Bankruptcy Estate. Instead of cooperating with the Trustee as he is obligated to do, the Debtor has caused delay at every step as outlined in the Contempt Order. Thus, the Court finds little likelihood that the Debtor will prevail on the merits of appeal.

In addition, the Notice of Appeal was not timely filed under Federal Rule of Bankruptcy Procedure 8002(a)(1), which requires that a notice of appeal be filed within fourteen (14) days of the entry of the order being appealed. Here, the Notice of Appeal was filed fifteen (15) days after the Contempt Order was entered. In addition, the Motion for Reconsideration was also filed fifteen (15) days after entry of the Contempt Order, making it both largely untimely and entirely ineffective to extend the time to appeal. *See* Federal Rules of Bankruptcy Procedure 8002(b)(1) & 9023; BLR Local Rule 9023-1. As a result, the appeal is not timely and may be dismissed, eliminating any chance of success on appeal.

Next, there has been no showing that, absent a stay, the Debtor will suffer irreparable harm. The Debtor does not challenge in his appeal the conclusion that he will need to vacate the Property, which belongs to the Trustee. He only complains about the timing – that the Target Residence, which he alone selected, will not be habitable by the deadline in the Contempt Order. However, the condition of the Target Residence is entirely irrelevant to the Debtor's compliance with the Contempt Order and its requirement that he vacate the Property. The Contempt Order requires the Debtor, who has disregarded more than one Court Order that requires him to cooperate with the Trustee in the Trustee's efforts to market and sell the Property, to vacate the Property by April 16, 2023. It says nothing about the location to which the Debtor is to relocate. If the Debtor has

---

[9] For instance, in his *Motion to Reconvert Case to Chapter 13* filed on March 9, 2023 (Docket No. 139), the Debtor stated in paragraph 8 that if the Case is not reconverted, "the Debtor has obtained a location to move into in April to vacate his residence."

determined that he cannot safely relocate to the Target Residence until April 30, 2023, he must relocate somewhere else in the interim. The location the Debtor chooses is entirely up to him, except that it cannot be in the Property. If the Debtor chooses to move into the Target Residence, any harm he suffers will result from his decision to live there despite its current condition.

As to whether the adverse party will suffer no substantial harm from the issuance of the stay, the issuance of a stay would further delay the ability of the Trustee, in a degrading real estate market and while the mortgage balance continues to increase, to sell the Property, thereby harming the Bankruptcy Estate. The public interest also weighs against the Debtor since debtors are expected to fulfill their duties in cooperating with bankruptcy trustees.

Based on all the foregoing, the Debtor has not demonstrated a likelihood of success on the merits, or even a substantial case on the merits, and a balancing of the equities does not support the relief requested. In view of the foregoing, it is

**ORDERED** that the Motion to Stay is hereby **DENIED with respect to the appeal of the Contempt Order**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Maria Bogdan, counsel for Maria Bogdan, the Chapter 7 Trustee, the United States Trustee, and the mailing matrix in this case.

**[END OF DOCUMENT]**